**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
PINE BLUFF DIVISION**

**JOE PERRY, JR.,**                                                                                             **PLAINTIFF**
**ADC #155237**

**V.**                   **CASE NO. 5:15-CV-00233 KGB/BD**

**JOHN LOWE, et al.**                                                             **DEFENDANTS**

**RECOMMENDED DISPOSITION**

**I.**       **Procedures for Filing Objections:**

This Recommended Disposition ("Recommendation") has been sent to United States District Judge Kristine G. Baker. You may file written objections to this Recommendation. If you file objections, they must be specific and must include the factual or legal basis for your objection. Your objections must be received in the office of the United States District Court Clerk within fourteen (14) days of this Recommendation.

If no objections are filed, Judge Baker can adopt this Recommendation without independently reviewing the record. By not objecting, you may also waive any right to appeal questions of fact.

**II.**       **Discussion:**

Plaintiff Joe Perry, Jr., an inmate at the Tucker Unit of the Arkansas Department of Correction ("ADC"), filed this case *pro se* under 42 U.S.C. § 1983. (Docket entry #1) In his complaint, Mr. Perry raises an access-to-the-courts claim against the Defendants. (#1) He specifically alleges that Defendants Lowe and Williams have not provided him with forms for his bankruptcy case in a timely manner and that Defendant Kelley failed to

take corrective action. (#1) Because Mr. Perry failed to state how he was injured, the Court provided Mr. Perry an opportunity to amend his complaint and explain what injury he suffered. (#5)

Mr. Perry filed an amended complaint on August 26, 2015. (#6) He states that the injury he suffered was mental anguish and emotional distress. (#6) Unfortunately for Mr. Perry, mental anguish and emotional distress are not a sufficient injury for an access-to-the-courts claim.[1] *Lewis v. Casey*, 518 U.S. 343, 355 (1996); *Klinger v. Dep't of Corr.*, 107 F.3d 609, 617 (8th Cir. 1997) (holding that a prisoner must assert an actual injury in order to proceed with an access-to-the-courts claim). Accordingly, his claim does not rise to the level of a constitutional violation.

### III.  Conclusion

The Court recommends that Mr. Perry's claims be DISMISSED, without prejudice.

Dated this 27th day of August, 2015.

_____
UNITED STATES MAGISTRATE JUDGE

---

[1] Mr. Perry cites to a case to support his assertion that mental anguish and emotional distress are a sufficient injury; however, this case was overruled based on the Supreme Court decision of *Lewis v. Casey*. *Klinger v. Nebraska Dept. Of Correctional Servs.*, 902 F.Supp. 1036 (D. Neb. 1995), *overruled by Klinger v. Dept. of Corr.*, 107 F.3d 609, 616-617 (8th Cir. 1997).